U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 OCT 14 PM 4:16

CLERK

BY ltw
DEPUTY CLERK

| | |
|---|---|
| ANTONIO D. CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-137 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER GRANTING PETITIONER LEAVE
TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**
(Doc. 1)

On August 20, 2020, petitioner Antonio D. Crawford, a federal prisoner currently incarcerated in Terre Haute, Indiana, representing himself, filed a motion to proceed *in forma pauperis* ("IFP"), or without prepayment of fees, seeking to file a petition for a writ of mandamus under 28 U.S.C. § 1361 against the United States. Although Petitioner did not submit a financial affidavit, as he has been granted IFP status before and remains incarcerated, the court affords him the benefit of a liberal interpretation of his IFP request under 28 U.S.C. § 1915(a) and his request (Doc. 1) is therefore GRANTED. However, for the following reasons, this case is DISMISSED.

**I.     Factual and Procedural History.**

In 2012, the United States District Court for the Northern District of Illinois sentenced Petitioner to 96 months' imprisonment for two counts of robbing a bank with force or violence (the "bank robbery case"). *See United States v. Crawford*, No. 11-cr-0500, Judgment (N.D. Ill. Aug. 1, 2012). Petitioner filed an unsuccessful petition for a writ of habeas corpus in the Northern District of Illinois. *See Crawford v. United States*, 14-cv-4098, Order (N.D. Ill. Feb 22, 2017) (dismissing petition).

In 2014, in the United States District Court for the Central District of Illinois, Petitioner pled guilty to a charge of mailing a threatening communication (the "threatening communication case") and, in 2015, that court sentenced him to 70 months' imprisonment to be served consecutive to his bank robbery case sentence. *See United States v. Crawford*, No. 13-cr-10048, Judgment (C.D. Ill. July 2, 2015). His conviction in the threatening communication case was affirmed on direct appeal. *United States v. Crawford*, 665 F. App'x 539 (7th Cir. 2016). In January 2019, Petitioner filed a habeas corpus petition in this court which determined that it lacked jurisdiction and transferred the action to the Central District of Illinois. *See Crawford v. United States of America*, No. 5:19-cv-1, Order at *4 (D. Vt. Jan. 29, 2019) (noting Petitioner had not yet begun to serve his 70-month sentence in the threatening communication case). Thereafter, in the Central District of Illinois, Petitioner moved to dismiss the petition and, in February 2019, that court granted his motion dismissing the petition without prejudice. *See Crawford v. United States*, No. 1:19-cv-1033, Text Order (C.D. Ill. Feb. 20, 2019).

In March 2019, Petitioner filed a petition for a writ of habeas corpus in the threatening communication case in the District of Minnesota.[1] *See Crawford v. United States*, 2019 WL 3020816 (D. Minn. June 13, 2019). A Report and Recommendation ("R & R") construed the petition as one brought under 28 U.S.C. § 2255 because it "plainly challenge[d] the validity of Crawford's sentence[,]" and recommended denial of the petition and dismissal of the action because the petition was filed in the wrong district. *Id.* at *2. The R & R did not recommend transfer under 28 U.S.C. § 1631 because "it is likely Crawford would have been barred from raising this action in the Central District of Illinois due to this action's untimeliness." *Id.* In July 2019, based upon the R & R and after an independent review, the Minnesota District Court denied his § 2255 petition. *See Crawford v. United States*, 2019 WL 3017627 (D. Minn. July 10, 2019).

---

[1] In that case, the Magistrate Judge noted "Crawford suggests that he has filed the present Petition in the U.S. District Court for the District of Minnesota because, given his nearby family, he should serve any eventual supervised-release period in this state." *Crawford v. United States*, 2019 WL 3020816, at *1 (D. Minn. June 13, 2019).

2

In April 2019, Petitioner filed a petition for a writ of habeas corpus in the Central District of California which determined that no basis for venue existed in that district and, in May 2019, transferred the action to the Central District of Illinois.[2] *See Crawford v. United States*, 19-cv-3545, Order (C.D. Cal. May 2, 2019).[3] On July 29, 2019, the Central District of Illinois dismissed his petition brought under both 28 U.S.C. § 2241 and § 2255. Petitioner sought relief under § 2255 based on allegations that his presentence investigation report ("PSR") contained an error and that his sentence was void because the court had a conflict and under § 2241 based on the allegation that the Bureau of Prisons refused to give him credit for time served on his state court convictions. The court held that his argument regarding the PSR was not cognizable in a § 2255 petition, and even if it was, it was without merit, that his claim of a conflict was procedurally barred because the appellate court had addressed it, and that his time-served claim was premature and unexhausted, but even if it were ripe, the sentencing court ordered that Petitioner's term of imprisonment run consecutively to his prior state and federal court sentences. *Crawford*, 19-cv-1152, Opinion and Order at 4-9 (C.D. Ill. July 29, 2019).

Meanwhile, on July 11, 2019, Petitioner had filed by mailing a second action in this court. *See Crawford v. United States District Court for the Central (Peoria) District*, 2:19-cv-129 (D. Vt. July 16, 2019). Although Petitioner was then confined at the Illinois Department of Corrections, Pontiac Correctional Center, he stated that he was a citizen of

---

[2] The court noted "Petitioner states that he brought the action in this Court because he is a former resident of Woodland Hills, California . . . and because this district is where his mandatory supervised release will be served--at home . . . where family lives." *Crawford v. United States*, 19-cv-3545, Order at 2 (C.D. Cal. May 2, 2019) (internal quotation marks and alterations omitted).

[3] Following transfer, Petitioner filed motions to transfer his petition to the District of Maine and to the Central District of California which were denied. Petitioner then moved to "postpone merit review" based on his concern he may lack access to a law library after his release from state custody but the motion was denied as premature because he had not allege he was currently without access to a law library and no briefing was required of Petitioner at that time. *See Crawford v. United States*, 19-cv-1152, Text Order (C.D. Ill. July 22, 2019).

3

Vermont.[4] He sought for this court, under the authority of 28 U.S.C. § 1361, to compel the District Court for the Central District of Illinois to "perform its duty by recusing [itself] from hearing [his] criminal h[]abeas corpus writ and transfer writ" to this court. *Id.*, Petition for Writ of Mandamus at 10. In an affidavit filed in his habeas case in the Central District of Illinois, he asserted that "it has been believed that I threatened every U.S. District Judge . . . at this U.S. District Court in Central Illinois, I accuse them all of bias and . . . personal prejudice will occur[.]" *Id.*, Opinion & Order at 4 (Aug. 12, 2019). Because of that affidavit, he argued recusal was required under 28 U.S.C. § 144. *Id.*, Petition at 8.

This court held:

> Even assuming this court had the power to compel another federal district court to transfer a case, it would not do so here as Petitioner has no right to have his petition heard in this court. As this court, the District of Minnesota, the Central District of California, and the Central District of Illinois have explained, Petitioner's claims under § 2255 may be addressed only by the sentencing court, i.e. the Central District of Illinois, and his claims under § 2241, if any, may be addressed only by a court with jurisdiction over his present or future custodian. Because he is currently incarcerated in Pontiac, Illinois, and the jurisdiction of his future custody is the district that entered judgment on the threatening communication conviction, the Central District of Illinois is the proper court to entertain his § 2241 claims.

*Id.*, Opinion & Order at 4-5.

On August 20, 2020, Petitioner filed by mailing the documents initiating the instant action in this court. He alleges he:

> Has been charged, indicted, plead guilty and convicted, for a crime[] Congress did not intend it to be and as a result, Plaintiff now is being deprived[] of his life and liberty by the Defendant without the due process procedures, this infliction is imposing imminent danger to Plaintiff, Judicial halt is needed to abate irreparable harm.

---

[4] Petitioner asserted his family "stays [in] South Burlington" and that his "supervised release can properly be executed in this district, where [his] son is." *See Crawford*, 2:19-cv-129, Petition for Writ of Mandamus at 4-5 (D. Vt. August 12, 2019).

4

(Doc. 1-1 at 2.) Petitioner again seeks relief under 28 U.S.C. § 1361. He now argues he was unlawfully convicted of and sentenced for a crime that Congress did not intend because the court failed to require a mens rea, or required mental state, element for the threatening communication case conviction. He requests the court order his immediate release from incarceration.

## II.     Conclusions of Law and Analysis.

Under the *in forma pauperis* statute, the court conducts an initial screening of an action. *See* 28 U.S.C. § 1915(e)(2). Filings by self-represented parties are "to be liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *see also Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam). A district court may, however, dismiss a case seeking *in forma pauperis* status if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"It is well-settled that the exceptional remedy of mandamus will only be invoked where the petitioner has demonstrated that its right to such relief is clear and indisputable." *In re Basciano*, 542 F.3d 950, 955-56 (2d Cir. 2008) (internal quotation marks and brackets omitted). Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

In this case, Petitioner seeks to challenge his conviction and sentence in the threatening communication case on the merits alleging constitutional violations. Although Petitioner invokes § 1361, because his habeas corpus petition challenges the legality of the imposition of his sentence, the court must construe his petition as brought under 28 U.S.C. § 2255. *See Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006) (stating challenges to imposition of a sentence are governed by § 2255). Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside or

5

correct the sentence." 28 U.S.C. § 2255(a); *see also United States v. Hayman*, 342 U.S. 205, 220-21 (1952) (explaining the purpose of § 2255 is to channel federal petitioners' collateral attacks on their convictions to the sentencing court). As this court, the District of Minnesota, the Central District of California, and the Central District of Illinois have explained, Petitioner's claims under § 2255 may be addressed only by the sentencing court in his threatening communication case. Accordingly, the Central District of Illinois is the proper court to entertain his habeas corpus petition and this court lacks jurisdiction to adjudicate it.

This conclusion does not end the court's analysis, however. The court has discretion under 28 U.S.C. § 1404(a) to transfer habeas cases to the appropriate judicial district if the interest of justice so requires. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"). The court declines to exercise that discretion in this case because, as discussed above, Petitioner has filed multiple prior petitions under § 2255.

## CONCLUSION

For the reasons stated above, Petitioner's request to proceed IFP without prepayment of fees (Doc. 1) is GRANTED. However, Petitioner's petition for a writ of mandamus (Doc. 1-1) is DISMISSED under § 1915(e)(2)(B).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of October, 2020.

Christina Reiss, District Judge
United States District Court